IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KAHIEM WESTHOOK,               *

    Plaintiff                   *

v.                             *        Civ. No. DLB-25-602

WARDEN BAILEY, *et al.*,       *

    Defendants            *

## MEMORANDUM AND ORDER

On June 23, 2025, Kaheim Westhook, proceeding without counsel, filed an amended complaint against Warden Bailey of Eastern Correctional Institution ("ECI") and Correctional Officer II Wilkerson, alleging excessive use of force. ECF 5. Westhook filed the amended complaint in response to this Court's Order directing him to correct deficiencies noted in Westhook's original complaint. ECF 4. The Court directed Westhook to describe how the named defendants participated in the alleged constitutional violations, what actions the defendants took that amounted to excessive force beyond using mace, and any injuries he suffered, such as how he was unable to practice his chosen religion or injuries he sustained during the use of force. *Id.* The Court also notified Westhook that restoration of good conduct credits is unavailable through a civil rights suit. *See Moskos v. Hardee*, 24 F.4th 289, 295 (4th Cir. 2022). Westhook was forewarned that if the amended complaint did not adequately address those deficiencies, this action would be subject to dismissal without further notice. ECF 4. Because the amended complaint does not comply with the Court's directives and does not state a claim, it is dismissed without prejudice.

## I.    Background

Westhook alleges that, on November 14, 2024, while he was incarcerated at ECI, Officer Wilkerson told him that she "Hated Fake Black Prison Muslims such as [Westhook]" and that "she

would see to it that something happen[ed] to [him]." ECF 5, at 8. Westhook alleges that Wilkerson then insisted that he share a cell with an inmate "known for serious sexual assault" who either "identified himself as a 'Homo-Sexual'" or was transgender. *Id*. at 8, 9. He states Wilkerson knew the inmate could harm him. *Id.* at 9. Westhook states that he "refused to let the inmate in" the cell, as a result of which Wilkerson pushed him and sprayed him with mace, which caused him to hit his head on the floor, and wrote him up for an infraction. *Id.* Westhook claims that being sprayed with mace was an excessive use of force and that forcing him into a cell with this inmate was a failure to protect him. *Id.* He also believes this was "[b]ecause of [his] religious belief." *Id.* at 8.

Westhook claims he told Wilkerson that his religion did not allow him to be around people who are transgender, and he alleges he "often end[s] up in segregation for protection" from transgender people. *Id*. at 10. He claims that the presence of transgender people in prison with him has caused him nightmares that disturb his sleep, and he may require psychiatric help. *Id*. He states "they have now transfer[red] [him] out of school and institution with no reason." *Id.* He believes his due process rights were violated when he was housed with this inmate and transferred without an explanation. *Id.*

Westhook seeks reinstatement of his good conduct credits, $1.4 million in damages, and the appointment of a "special investigator . . . to investigate the abuse & discrimination in all MD. institution[s]." *Id.* at 9.

## II.    Discussion

Title 28 U.S.C. § 1915(a)(1) permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), 1915A(b).

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, at 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570)).

Westhook's amended complaint adds some factual allegations but still fails to state a claim on which relief may be granted.

Under Section 1983, a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *Wahi v. Charleston Area Med. Ctr.*, 562 F.3d 599, 615 (4th Cir. 2009). Two elements are essential to state a claim under § 1983: (1) the plaintiff must have suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation must have been committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.        Eighth Amendment Claims

Westhook claims the defendants violated his Eighth Amendment rights by housing him with an inmate who was homosexual or transgender and by pushing him and spraying him with mace.

"The Eighth Amendment protects prisoners from 'unnecessary and wanton infliction of pain.'" *Thompson v. Virginia*, 878 F.3d 89, 97 (4th Cir. 2017) (quoting *Estelle v. Gamble*, 429 U.S. 97, 102 (1976)). Under the Eighth Amendment, prison officials must "take reasonable measures to guarantee the safety of . . . inmates." *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 319–20 (1986)). "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

"Prison officials violate the Eighth Amendment's cruel-and-unusual-punishment clause when they are deliberately indifferent to a substantial risk to an inmate's safety . . . ." *King v. Riley*, 76 F.4th 259, 264 (4th Cir. 2023) (citing *Farmer*, 511 U.S. 825; *Estelle*, 429 U.S. 97). To prevail on a failure-to-protect claim, the prisoner must establish an objective and a subjective element. *Id.* First, he must show an objectively "substantial risk of serious harm." *Id.* (quoting *Farmer*, 511 U.S. at 834); *see Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004). Second, the prisoner must show that the defendant "subjectively recognized a substantial risk of harm" and "subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Anderson v. Kingsley*, 877 F.3d 539, 545 (4th Cir. 2017) (quoting *Parrish*, 372 F.3d at 303) (emphasis in *Anderson* removed).

Westhook offers nothing more than his subjective speculation that his would-be cellmate presented a threat to his safety based on his perception that the inmate was homosexual or

4

transgender and, due to those characteristics, posed a risk to his safety. Westhook offers no basis for his conclusory statement that the inmate had a reputation for being sexually predatory, other than alleging that the inmate was either homosexual or transgender. Westhook has failed to allege an objectively "substantial risk of serious harm" posed by the inmate. He has failed to allege an Eighth Amendment failure-to-protect claim.

Westhook has also failed to allege an Eighth Amendment excessive-use-of-force claim. For excessive force, the inmate must show that the officer used force and caused "more than *de minimus* pain or injury," *Williams v. Benjamin*, 77 F.3d 756, 761 (1996), and did so "maliciously and sadistically for the very purpose of causing harm," rather than "in a good faith effort to maintain or restore discipline," *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (quoting *Whitley*, 475 U.S. at 320–21). Unlike for other Eighth Amendment claims, the inmate "need not show that such force caused an 'extreme deprivation' or 'serious' or 'significant' pain or injury to establish a cause of action" for excessive force. *Williams*, 77 F.3d at 761 (quoting *Hudson*, 503 U.S. at 9). The absence of significant injury alone is not dispositive of a claim of excessive force. *Wilkins v. Gaddy*, 559 U.S. 34, 37–38 (2010). This is not to say that any use of force may support an excessive force claim: "An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Id.* at 37 (quoting *Hudson*, 503 U.S. at 9).

The requirement that an officer act "'maliciously and sadistically for the very purpose of causing harm'" is "a higher standard" than the subjective component for other Eighth Amendment claims. *See Williams*, 77 F.3d 761 (quoting *Whitley*, 475 U.S. at 320–21). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. This is true whether or not significant injury is evident." *Hudson*, 503 U.S. at 9 (citation omitted). Factors for consideration are: "(1) 'the need for the application of force'; (2)

'the relationship between the need and the amount of force that was used'; (3) the extent of any reasonably perceived threat that the application of force was intended to quell; and (4) 'any efforts made to temper the severity of a forceful response.'" *Iko v. Shreve*, 535 F.3d 225, 239 (2008) (quoting *Whitley*, 475 U.S. at 321).

Westhook alleges Wilkerson pushed and maced him, but he does not allege any physical injury. Moreover, Westhook alleges he was maced when he refused to comply with an order to allow another inmate into his cell. Thus, Westhook has failed to allege more than de minimum injury or malicious or sadistic conduct. He has not stated an Eighth Amendment excessive-use-of-force claim.

Westhook's Eighth Amendment claims are dismissed.

### B.    Fifth Amendment Claim

Westhook claims his due process rights under the Fifth Amendment were violated when he was forced to share his cell with a homosexual or transgender inmate.

It is well-settled that a prisoner's liberty interests are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). Assigning Westhook a cellmate not of his choosing does not qualify as an atypical and significant hardship. *See McKune v. Lile*, 536 U.S. 24, 39 (2002) ("[T]he decision where to house inmates is at the core of prison administrators' expertise."); *see also Veney v. Wyche,* 293 F.3d 726, 734 (4th Cir. 2002) ("In formulating and executing decisions relating to cell assignments, [the courts] must allow prison authorities the discretion to take into account the particular safety and security concerns facing [the] inmates . . . ."); *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994) ("[T]he security and custody classification of state prison inmates is a matter for state prison-official discretion whose

6

exercise is not subject to federal procedural due process constraints."). Westhook has not stated a Fifth Amendment due process claim. This claim is dismissed.

### C.    First Amendment Claim

Westhook claims that being forced to share his cell with a homosexual or transgender inmate also violated his First Amendment free exercise rights.

"Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *O'lone v. Est. of Shabazz*, 482 U.S. 342, 348 (1987) (quotation marks omitted). However, incarcerated individuals retain a right to reasonable opportunities for free exercise of religious beliefs without concern for the possibility of punishment. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972). To state a claim for a violation of the Free Exercise Clause, an inmate must allege: (1) a sincere religious belief; and (2) a prison practice or policy that "substantially burdens" the inmate's ability to practice their religion. *Wilcox v. Brown*, 877 F.3d 161, 168 (4th Cir. 2017). "A practice or policy places a substantial burden on a persons religious exercise when it 'put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Hammock v. Watts*, 146 F.4th 349, 365 (4th Cir. 2025) (quoting *Carter v. Fleming*, 879 F.3d 132, 139 (4th Cir. 2018)).

Westhook fails to allege that being housed in the same cell as someone whose sexual preference or gender identity differs from his own "substantially burdens" his ability to practice his religion. The First Amendment claim is dismissed.

### III.    Conclusion

Westhook's motion to proceed in forma pauperis is granted. His amended complaint is dismissed without prejudice for failure to state a claim.

Accordingly, it is this 11th day of May, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The motion to proceed in forma pauperis (ECF 2) IS GRANTED;

2. The amended complaint IS DISMISSED;

3. The Clerk SHALL PROVIDE a copy of this Order to Westhook; and

4. The Clerk SHALL CLOSE this case.

                _____
                Deborah L. Boardman
                United States District Judge